IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY CRUZ,

Plaintiff,

v.

DARDEN RESTAURANTS, INC., et al.,

Defendant.                                              No. 09-657-DRH

MEMORANDUM AND ORDER

HERNDON, Chief Judge:

I. Introduction and Background

Pending before the Court is Plaintiff's motion to remand (Doc. 17). Defendants have filed a response to the motion (Doc. 19). Based on the following, the Court **DENIES** Plaintiff's motion to remand (Doc. 17).

On March 16, 2009, Plaintiff Anthony Cruz, filed a one count complaint against Darden Restaurants, Inc., in the Williams County, Illinois Circuit Court (Doc. 2, Ex. A). According to the complaint, Cruz's cause of action involves retaliatory discharge by Defendant. Specifically, Cruz alleged that Darden Restaurants, Inc., ("Darden") terminated Cruz in retaliation for Cruz exercising his rights under the Illinois Workers Compensation Act and filing a workers' compensation claim when he was injured while working for Darden (*Id*.). Cruz amended his Complaint on May 18, 2009 and added a second claim for retaliatory discharged under Illinois law against Defendant GMRI, Inc. (Doc. 2, Ex. B). Cruz, for both counts, seeks compensatory damages, costs of the suit, and punitive damages. (Doc. 2, Ex. B at

p.2).

On August 24, 2009, Defendant GMRI, Inc. removed the case to this Court based on diversity jurisdiction, 28 U.S.C. § 1332 (Doc. 2). GMRI's notice of removal states that both GMRI, Inc., and Darden are corporations formed under the laws of Florida and maintains its principal place of business in Florida. Cruz is a citizen of the state of Illinois. The notice of removal states that the amount in controversy exceeds $75,000.

Thereafter, on December 20, 2009, Cruz filed a motion to remand. Cruz argues that the Court should remand this case because he has now advised his counsel that he will not seek damages in excess of $75,000 on the two claims.

## II. Discussion

The removal statute, **28 U.S.C. § 1441**, is construed narrowly and doubts concerning removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993)**. Defendant bears the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. ***See In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir. 1997)**. However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to **28 U.S.C. § 1447(c)**.

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding

$75,000, exclusive of interest and costs.  Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." **Howell v. Tribune Entertainment Co., 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**.  The status of the case as disclosed by a plaintiff's complaint is controlling on the issue as to whether the case is removable.  **St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 291, 58 S.Ct. 586, 82 L.Ed. 845 (1938).**

As Plaintiff does not contend that the parties are not diverse, the only real issue before the Court is whether the amount in controversy is sufficient.  When the amount in controversy is at issue, if the face of the complaint establishes that the suit cannot involve the necessary amount, the case should be remanded.  **Id. at 291-92.**  "Accepted wisdom" provides that a plaintiff's evaluation of the stakes must be respected when deciding whether a claim meets the amount in controversy requirement for federal diversity jurisdiction.  **Barbers, Hairstyling for Men & Women, Inc. v. Bishop, 132 F.3d 1203, 1205 (7th Cir. 1997) (citing St. Paul Mercury, 303 U.S. at 289)**.  However, "a plaintiff 'may not manipulate the process' to defeat federal jurisdiction and force a remand once the case has been properly removed."  **Gould v. Artisoft, Inc., 1 F.3d 544, 547 (7th Cir. 1993) (citations omitted)**.

If the Plaintiff's prayers for relief do not specify a monetary amount, "the [C]ourt may look outside the pleadings to other evidence of jurisdictional amount in

the record." ***Chase*, 110 F.3d at 427 (internal citations omitted)**. Yet, the Court must only analyze "evidence of amount in controversy that was available at the moment the petition for removal was filed." ***Id.* (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992))**. In determining whether the jurisdictional threshold amount has been met, pursuant to § 1332, the Court must evaluate "the controversy described in the plaintiff's complaint and the record as a whole, as of the time the case was filed." ***Uhl v. Thoroughbred Tech. and Telecomm., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002) (citing *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993))**. If little information is provided as to the value of a plaintiff's claim from the onset, a court can find, at times, that a defendant's "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." ***Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citing *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004))**. Once subject matter jurisdiction has been established, it can only be defeated if a plaintiff presents "to a legal certainty that the claim [was] really for less than the jurisdictional amount" at the time of removal. ***Id.* (citations omitted)**.

In determining whether a remand is warranted in this case, the Court must look at whether the allegations of Cruz's Complaint show that the amount in controversy exceeds $75,000. If the allegations are not specific, the Court must look to whether Defendants' estimate of the amount in controversy in this case was "plausible and supported by a preponderance of the evidence." ***Id.***

Plaintiff contends that the case should be remanded because he has now informed his attorney that he will not seek damages in excess of the jurisdictional amount. Defendants argue that it recently sent Cruz an affidavit to sign, stipulating that the amount in controversy was less than $75,000. Both parties, however, miss the mark as to the requirements of the amount in controversy. Amount in controversy is determined at the time of removal, not any time after removal. **See Shell, 970 F.2d at 356 (jurisdiction is determined at the date of removal, "once a defendant has removed the case…later filings [are] irrelevant").** In order to avoid removal, Cruz's Complaint at the time of removal should have stipulated that the amount he was seeking was not in excess of the jurisdictional amount. **See Id. ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints…"); Workman v. United Parcel Service, Inc., 234 F.3d 998, 1000 (7th Cir. 2000)(Plaintiff can avoid removal by stipulating to amount not in excess of jurisdictional amount, but such stipulation must occur in the Complaint at the time the suit is filed); BEM I, L.L.C. v. Anthropologie, Inc., 301 F.3d 548, 552 (7th Cir. 2002); Oshana, 472 F.3d at 511.** At the time this case was removed, Plaintiff had not included a stipulation regarding damages in his Complaint.

Looking at Plaintiff's Complaint at the time the case was removed, Plaintiff sought compensatory damages, costs, and punitive damages. Further, Cruz's Complaint contains an affidavit affirming that the case is worth more than

$50,000.00 (Doc. 2 Ex. B at p.5). Moreover, where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining the jurisdictional amount." ***LM Ins. Corp. v. Spaulding Enterprises, Inc.*, 533 F.3d 542, 551 (7th Cir. 2008)**. Further, "if punitive damages are available, subject matter jurisdiction exists unless it is 'legally certain' that the plaintiff will be unable to recover the requisite jurisdictional amount." ***Id***. The prayer for relief in Count I seeks "an amount in excess of Fifty Thousand Dollars in compensatory damages, costs of suit, and appropriate punitive damage, and all other relief the court deems just and proper" (Doc. 2, Ex. B at p.2). Count II against GMRI seeks a similar prayer, also for an award in excess of $50,000 (*Id*. at p. 4). Both claims seek recovery for retaliatory discharge. Punitive damages are recoverable for retaliatory discharge claims where the "employee was fired for filing a workers' compensation claim." ***Heldenbrand v. Roadmaster Corp.*, 277 Ill.App.3d 664, 672-73, 660 N.E.2d 1354, 1360 (Ill. App. Ct. 1996) (citing *Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 186, 284 N.E.2d 353, 359 (Ill. 1978))**; ***Raisl v. Elwood Industries, Inc.*, 134 Ill.App.3d 170, 175-76, 479 N.E.2d 1106-1010-11 (Ill. App. Ct. 1985)**. Thus, the Court is entitled to consider potential punitive damages as part of the amount in controversy. Given the allegations and what is at stake - actual damages, attorney's fees and punitive damages - the Court finds that it is plausible and supported by the preponderance of the evidence that the amount in controversy has been established. Therefore, the Court finds that removal

was proper and that it has diversity jurisdiction.

### III.  Conclusion

Accordingly, the Court **DENIES** Cruz's motion to remand (Doc. 17).

**IT IS SO ORDERED.**

Signed this 1st day of March, 2010.

/s/  David R Herndon

**Chief Judge**
**United States District Court**